UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/24/14
```

---

DAVID CRUZ,

                    Petitioner,

          -against-

BUREAU OF PRISONS, ERIC PFISTERER,
UNITED STATES ATTORNEY, JAMES
WALSH, SUPERINTENDENT,

                    Respondents.

10 Civ. 5460 (SHS)

---

DERRICK CRUZ,

                    Petitioner,

          -against-

WARDEN JORDAN HOLLINGSWORTH,

                    Respondent.

14 Civ. 1328 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

David Cruz[1] has petitioned for a writ of habeas corpus pursuant to 28
U.S.C. § 2241, challenging the Federal Bureau of Prisons (BOP)'s
determination that his state and federal sentences shall run consecutively.
(*See* Amended Pet. dated Sept. 28, 2010, Dkt. No. 4.)[2] On March 22, 2013,
Magistrate Judge Debra Freeman filed a Report and Recommendation,
recommending that this Court deny the petition. (Dkt. No. 18.) In
response, petitioner moved to "withdraw . . . or amend" his petition so

---

[1] Petitioner has used both the names David Cruz and Derrick Cruz in
these actions. *See Cruz v. Hollingsworth*, 2014 WL 47944, at *1 n.1 (D.N.J.
Jan. 7, 2014).

[2] Unless otherwise noted, all references to the docket refer to *Cruz v.
BOP*, 10-cv-5460 (SHS).

that he could add "new claims," (Pet.'s Mot. to Amend, Dkt. No. 19), a motion that respondents opposed (Resps.' Mem. of Law in Opp. to Pet.'s Mot. to Amend Pet. ["Resps.' Opp."], Dkt. No. 22). On reply, petitioner for the first time objected to the Report and Recommendation. (Pet.'s Opp. to Resps.' Mem. of Law in Opp. to Pet.'s Mot. to Amend Pet. ["Pet.'s Reply"], Dkt. No. 27.) Shortly thereafter, petitioner requested an evidentiary hearing to establish "that he was arrested by federal officials on May 10, 1995." (Req. for Evidentiary Hr'g, Dkt. No. 28.) Respondents opposed that request. (Letter dated Sept. 13, 2013, Dkt. No. 29.) More than three months later, petitioner filed another memorandum, again objecting to the Report and Recommendation. (Pet.'s Objections to Report and Recommendation, Dkt. No. 30.) Petitioner subsequently reiterated his request to withdraw or amend his petition. (Letter dated Jan. 27, 2014, Dkt. No. 32.)

During the time that Judge Freeman's Report and Recommendation was pending before this Court, Cruz filed a separate habeas petition pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the District of New Jersey. *See Cruz v. Hollingsworth*, No. 13-cv-2495-BRK (D.N.J. filed Apr. 18, 2013). That court subsequently determined that that petition should be "construed as a motion to amend the . . . habeas petition filed in the Southern District of New York" and accordingly transferred the habeas petition filed in the District of New Jersey to this Court "so that it can be docketed as a motion to amend" the petition that was pending before this Court. *See Cruz*, 2014 WL 47944, at *1–2.

For the reasons that follow, this Court: (1) adopts Magistrate Judge Freeman's Report and Recommendation; (2) denies petitioner's motion for an evidentiary hearing; (3) denies the claims in Cruz's existing petition; and (4) denies in part and grants in part Cruz's motion to amend his petition.

### 1. Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. §
636(b)(1)(C). A district court must review *de novo* "those portions of the
record or specified proposed findings or recommendations to which
objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). As Cruz is pro se, the
Court construes Cruz's objections liberally. *See DiPilato v. 7-Eleven, Inc.*, 662
F. Supp. 2d 333, 343 (S.D.N.Y. 2009). Having considered Cruz's objections
and reviewed Magistrate Judge Freeman's Report and Recommendation *de
novo*, the Court hereby adopts the Report and Recommendation in full and
denies the claims in Cruz's current petition.

### 2. Cruz's Request for an Evidentiary Hearing

Before the filing of the Report and Recommendation recommending
that this Court deny his petition, Cruz had argued that in May 1995 he was
arrested by the "York County (State of Pennsylvania) Police" and was
"extradited to the State of New York" shortly thereafter. (Pet.'s Traverse &
Mem. of Law in Opp. to Resps.' Return & Mem. of Law in Opp. to Writ of
Habeas Corpus, Dkt. No. 13, at 1–2.) He further contended that he
remained in the custody of New York City officials facing New York state
charges until he was transferred to the custody of the U.S. Marshals on a
writ of habeas corpus *ad prosequendum* in October 1995. *See id.* at 2.
Respondents characterized the chronology and location of Cruz's 1995
arrest differently but the parties agreed that Cruz was arrested by local
officials on New York state charges and remained in state custody until the
U.S. Marshals took custody of him in October 1995. (*See* Resps.' Return &
Mem. of Law, Dkt. No. 8, at 1.)

Based on the parties' representations, the Report and
Recommendation found that at the time that the U.S. Marshals took
custody of Cruz, he was still "being held by [New York] state on pending
state charges, and the state had never relinquished its primary
jurisdiction." (*See* Report & Recommendation at 15.)

Only after the Report and Recommendation was filed did Cruz
request an evidentiary hearing, seeking to establish "that federal

authorities arrest[ed] him on May 10, 1995," and that he was "taken into Federal Custody (first)." (*See* Req. for Evidentiary Hr'g at 3.)

A petitioner's unsupported "self-serving and improbable assertions" are not sufficient to merit a hearing. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Similarly, "if the record refutes [a habeas petitioner's] factual allegations . . . a district court is not required to hold an evidentiary hearing." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The BOP's records confirm Cruz's initial representation to the Court: that he was arrested by York County, Pennsylvania police on May 10, 1995 and transferred to New York City Police Department custody the following week. (*See* Decl. of Patricia Kitka dated Aug. 16, 2013, Attachs. 1–2, Dkt. No. 25-1.) BOP records also confirm the conclusion of the Report and Recommendation that Cruz was continuously in state custody from the time of his arrest on May 10, 1995 until he was transferred to the U.S. Marshals on October 4, 1995. (*See id.*, Attachs. 13–15.)

The only evidence Cruz attaches in support of his request for a hearing on the issue of whether state or federal officials arrested him in fact *undermines* his current assertion regarding the circumstances of his May 10, 1995 arrest. That document is a copy of his indictment on federal drug trafficking and money laundering counts, dated August 16, 1995. The fact that Cruz was not indicted in federal court until three months after being arrested undercuts his late-raised contention that it was federal authorities who effected his May 10, 1995 arrest.

In short, the testimony Cruz now seeks to elicit directly contradicts both his earlier representations to the Court and the consistent evidence in the record regarding the circumstances of his arrest. In light of that circumstance, and the fact that Cruz did not request a hearing until after the issuance of the magistrate's Report and Recommendation, the Court denies petitioner's request for an evidentiary hearing. *See Schriro*, 550 U.S. at 474; *Chang*, 250 F.3d at 86.

4

### 3.  Cruz's Motion to Amend the Petition

The Court construes Cruz's request to "withdraw . . . or amend" his petition (Dkt No. 19) as a motion to amend his 2010 amended petition.[3]

Specifically, Cruz seeks leave to amend his petition to raise four "new claims": (1) his "arrest by federal officials on May 10, 1995[] established primary jurisdiction over petitioner"; (2) his "federal sentence should commence on May 10, 1995 . . . when [he] was arrested by . . . federal officials"; (3) he is entitled to "[r]elief under *Kayfez[ v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) from] the double credit prohibition of [18] U.S.C. § 3568(b)"; and (4) he is entitled to "295 days of jail credit that [was] removed on January 22, 2013." (Pet.'s Mot. to Amend; Pet.'s Reply.)

A motion to amend a habeas petition is "governed by Federal Rule of Civil Procedure 15(a)." *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (per curiam). "[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," *see id.*, or "on grounds of futility," *see Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). In *pro se* cases, a pleading "generally should not be dismissed without granting . . . leave to amend at least once, and . . . a proposed amended [pleading] should be construed to raise the

---

[3] Although Cruz asserts that he previously sought leave to amend by letter dated April 10, 2012, no copy of that letter — or any letter containing any such request — appears in this Court's records.

Cruz's petition filed in 2013 in the District of New Jersey and transferred to this Court to be docketed as a motion to amend Cruz's petition in this Court, *see Cruz*, 2014 WL 47944, makes no arguments beyond those raised in Cruz's request to "withdraw . . . or amend" his petition in this Court. (*See Cruz v. BOP*, 10-cv-5460, Dkt No. 19). The Court therefore does not separately address the points made in Cruz's 2013 petition, construed as a motion to amend, and dismisses that motion as moot. (*Cruz v. Hollingsworth*, 14-cv-1328, Dkt. No. 1.)

strongest arguments it suggests." *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

Respondents oppose Cruz's motion to amend on two grounds: (1) futility, and that (2) Cruz has not exhausted the fourth claim. (*See* Resps.' Opp. at 2, 5 n.5.) The Court agrees that it would be futile for Cruz to file a petition regarding his first three claims but cannot determine on this record that the fourth claim would be futile.

   a) Cruz's claims that his "arrest by federal officials on May 10, 1995[]
      established primary jurisdiction over petitioner" and that his
      "federal sentence should commence on May 10, 1995 when [he]
      was arrested by . . . federal officials"

Because the first two claims are intertwined, the Court proceeds to discuss them in tandem.

As set forth above, all record evidence supports the conclusion that Cruz was arrested by state, not federal, officials on May 10, 1995. *See supra* Section 2. New York therefore had primary jurisdiction over Cruz at the time of his arrest. *See Rosemond v.* Menifee, 137 F. Supp. 2d 270, 272–73 (S.D.N.Y. 2000). As Magistrate Judge Freeman correctly concluded, New York state did not relinquish its primary jurisdiction over Cruz when he later appeared in federal court pursuant to a writ of habeas corpus *ad prosequendum. See* Report & Recommendation at 14. Accordingly, Cruz's federal sentence did not begin until July 19, 2011, when he had finished serving his New York state sentence and was taken into the custody of the U.S. Marshals to "commence service of" his federal sentence. *See* 18 U.S.C. § 3585(a).

The first two claims that Cruz seeks to assert are therefore premised on a factual assertion directly contradicted by the record and on an attempt to rehash arguments rejected by the Report and Recommendation, which this Court now adopts. Having considered the "strongest arguments . . . suggest[ed]" by Cruz's motion to amend and his subsequent brief, *see Grullon*, 720 F.3d at 140, the Court finds that any amendment of his petition to include his first two claims would be futile.


In addition, the Court notes that Cruz raised his argument regarding the circumstances of his May 1995 arrest only after the filing of the Report and Recommendation. The timing of Cruz's motion to amend thus raises concerns that Cruz has engaged in "dilatory" litigation tactics, and counsels against granting leave to amend. *See Littlejohn*, 271 F.3d at 363. Finally, Cruz has already once amended his petition. (*See* Dkt. No. 4.) Under these circumstances, the Court concludes that granting Cruz leave to amend his petition to add his first two proposed new claims would not serve the interests of justice and that request is accordingly denied. *See Grullon*, 720 F.3d at 140.

  b) Cruz's claim that he is entitled to "[r]elief under *Kayfez* . . . [from] the double credit prohibition of [18] U.S.C. § 3568(b)"

Although a defendant is entitled to receive "credit toward the service of [his federal] term of imprisonment" for certain periods of time "spent in official detention prior to the date the [federal] sentence commences," no such right to credit ordinarily exists if that time has already "been credited against another sentence." *See* 18 U.S.C. § 3585. One exception to section 3585's prohibition on "double credit," *see United States v. Wilson*, 503 U.S. 329, 337 (1992), exists when "a prisoner serving *concurrent* federal and state sentences, of which the state sentence was longer, ha[s] presentence time credited against his state sentence," *see Gomes v. Billingsley*, 2012 WL 546744, at *3 (S.D.N.Y. Feb. 21, 2012) (emphasis added) (citing *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993)).

Cruz cannot demonstrate that the *Kayfez* exception to section 3585(b)'s double-credit prohibition applies here because Cruz's federal and State sentences do not run concurrently, as the Report and Recommendation correctly concluded. It would be entirely futile for Cruz to file an amended petition asserting this claim because that claim is necessarily predicated on those two sentences running concurrently. *See Gomes*, 2012 WL 546744, at *3.

At some junctures, Cruz's brief in support of his motion to file an amended petition regarding this claim makes an additional argument,

7

unrelated to *Kayfez*. Liberally construed, that claim is that a different double-credit exception to section 3585 applies to time he spent in state custody after May 14, 1996, during which time he had a federal detainer lodged against him. (*See* Pet'r's Reply at 7; Decl. of Adam Johnson dated Jan. 7, 2011, Ex. K (copy of May 14, 1996 detainer), Dkt. No. 9.) Some district courts in this Circuit "have recognized an exception . . . for 'time spent in state custody . . . if the continued state confinement was exclusively the product of such action by federal law-enforcement officials.'" *See Gomes*, 2012 WL 546744, at *2 n.1 (quoting *Rosemond*, 137 F. Supp. 2d at 274).

Cruz cannot prevail on a claim that this exception to double counting applies. Following his return to the custody of the New York City Department of Corrections on May 14, 1996, Cruz was awaiting trial in Bronx Supreme Court on the attempted murder charge for which he had been indicted on July 11, 1995, and for which he was eventually sentenced on October 6, 1997. (*See* Kitka Decl., Attach. 1–2.) Cruz's continued detention after May 14, 1996 was therefore not "exclusively the product" of the federal detainer. *See Rosemond*, 137 F. Supp. 2d at 274.

Having evaluated the "strongest arguments . . . suggest[ed]" in Cruz's papers, this Court concludes that any amendment of his petition to include his third new claim would be futile. *See Grullon*, 720 F.3d at 140. In light of that conclusion, and the fact that Cruz has already once amended his petition, the Court denies leave to amend the petition to add the third proposed new claim. *See id.*

c) Cruz's claim that he is entitled to "295 days of jail credit that [was] removed on January 22, 2013"

The parties agree that pursuant to 18 U.S.C. § 3585(b)(2), the BOP originally gave Cruz credit toward his federal sentence for the period he spent in custody from July 17, 1995 through May 13, 1996 (a period of 302

8

days, not 295, by this Court's calculation).[4] The parties also agree that the BOP eliminated that credit from Cruz's federal sentence in January 2013, on the ground that the New York Department of Corrections had already applied credit for that period to Cruz's service of a "parole violator sentence." (*See* Kitka Decl. ¶¶ 20–21 & Attach. 14.) Cruz's parole violation term ran from July 17, 1995 to December 4, 1996. (*See id.*, Attach. 14.)

Cruz's fourth claim is essentially that because the parole violation term "was only eight . . . months," but he actually served more than sixteen months, it would have been "impossible" for the New York Department of Corrections to have given Cruz credit toward his parole violator sentence for the longer, 302-day period in question. (*See* Pet.'s Reply at 9.) Although Cruz may mischaracterize his parole term as having a maximum length of eight months, the Court cannot conclude on this record that Cruz's claim that he has been denied credit toward his federal sentence for some portion of the 302-day period in question is entirely without merit.

The only explanation before this Court of how the New York Department of Corrections calculated Cruz's parole violation term and applied credits for the relevant time periods is part of an attachment to a declaration by a BOP Management Analyst. The declaration itself states that in January 2013, the BOP discovered that "Petitioner had served an 8-month parole violator term for New York State that was credited by the state." (Kitka Decl. ¶ 20.) The declarant goes on to state that the parole revocation term was to be "at leas[t] eight months," *see id.*, Attach. 14, but Respondents have offered no explanation of the maximum length of the parole violation term. The record contains no copies of judgments by any New York court, nor any documents from the Parole Board regarding Cruz's parole revocation. Given that lack of evidence, and the

---

[4] Cruz spent about the first two-and-one-half months in state custody, and from October 4, 1995 through May 13, 1996 in federal custody. (*See* Kitka Decl., Attach. 14.)

9

inconsistency in the record regarding the length of Cruz's parole revocation term (*compare* Kitka Decl. ¶ 20 ("8-month . . . term"), *with id.*, Attach. 14 (describing a "parole violator term from July 17, 1995[] through December 4, 1996")), the Court cannot determine how, if at all, the New York Department of Corrections gave Cruz credit for the 302 days in question. In other words, without knowing how long Cruz's parole revocation term was supposed to be, the Court is hard-pressed to determine whether 302 days of credit were in fact applied to that term.

Additional evidence in the record raises further questions regarding how, if at all, the New York Department of Corrections allocated credit for Cruz's time in both state and federal custody prior to commencement of Cruz's state attempted murder sentence on November 28, 1997. A BOP memorandum summarizing Cruz's history of detention in New York from 1995 to 2011 states that Cruz "receive[d] jail credit" for time in custody from May 14, 1996 through November 27, 1997, but makes no mention of credit for time in jail or federal custody between July 17, 1995 through May 13, 1996. (*See* Kitka Decl., Attach. 2.) The absence from that memorandum of any discussion of the 302-day period in question makes it at least plausible that Cruz could state a claim that the New York Department of Corrections in fact gave him no credit for that period.

In short, based on the record before the Court, it is not inconceivable that there is at least some period of time between July 17, 1995 and May 13, 1996 that Cruz spent in "official detention" for which neither the New York Department of Corrections nor the BOP gave Cruz credit. *See* 18 U.S.C. § 3585(b).[5]

---

[5] To receive credit toward his federal sentence for some portion of this 302-day period of detention, Cruz would also have to demonstrate that his continued detention was either "(1) as a result of the offense for which [his federal] sentence was imposed; or (2) as a result of any other charge for which [he] was arrested after the commission of the offense for which [his federal] sentence was imposed." *See* 18 U.S.C. § 3585(b). To date,

One issue remains. Respondents argue, and Cruz does not dispute, that this 302-day claim is unexhausted. However, as respondents concede, "[t]he exhaustion requirement for § 2241 petitions . . . is prudential, not statutory, and may be excused at the court's discretion." *See* Resps.' Opp. at 5 n.5 (quoting *Lopez v. Terrell*, 697 F. Supp. 2d 549, 557 (S.D.N.Y. 2010), *rev'd on other grounds*, 654 F.3d 176 (2d Cir. 2011)); *see also Pimentel v. Gonzales*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005); *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003). One ground for excusing failure to exhaust is when an "administrative appeal would be futile." *See Lopez*, 697 F. Supp. 2d at 556. Here, in response to Cruz's motion to amend, the BOP reviewed anew Cruz's eligibility for credit toward his federal sentence for the period in question and determined again that he would not receive credit. (*See* Kitka Decl. ¶ 20 & Attach. 14.) The Court concludes that it would be futile for Cruz to pursue an administrative appeal when in the context of this action, the BOP has already carried out a review of its decision to remove the 302 days of credit. The Court in its discretion therefore excuses section 2241's exhaustion requirement with regard to the 302-day claim.

Because "a liberal reading of" Cruz's fourth proposed amendment reveals some "indication that a valid claim might be stated," the Court grants Cruz leave to amend his petition, solely with regard to the new claim that pursuant to 18 U.S.C. § 3585, the BOP incorrectly denied Cruz credit toward his federal sentence for some portion of time spent in official detention between July 17, 1995 and May 13, 1996. *See Grullon*, 720 F.3d at 139.

### 4. Conclusion

For the foregoing reasons, the Court: (1) adopts in full Magistrate Judge Freeman's Report and Recommendation (Dkt. No. 17); (2) denies Cruz's request for an evidentiary hearing (Dkt. No. 28); (3) denies all

---

respondents have not contested that either of those provisions of § 3585(b) applies.

11

claims raised in Cruz's 2010 amended petition (Dkt. No. 4); and (4) denies in part and grants in part Cruz's motion to amend his petition (Dkt. No. 19). Cruz's 2010 amended petition is hereby deemed to be amended to include only his claim that the BOP erroneously removed credit toward his federal sentence for time spent in the custody of the New York Department of Corrections between July 17, 1995 and May 13, 1996. The motion to amend (Dkt. No. 19) is otherwise denied. Cruz's 2013 petition, construed as a motion to amend, is dismissed as moot. (*Cruz v. Hollingsworth*, 14-cv-1328, Dkt. No. 1.)

On or before April 24, 2014, respondents shall answer Cruz's petition as amended above. The answer shall include evidence beyond that currently in the record regarding how, if at all, the New York Department of Corrections gave Cruz credit toward any of his New York state sentences for the period in question. The answer shall also explain more clearly the details underlying Cruz's various New York state sentences, including the minimum and maximum terms, the dates served, and how any time was credited to those sentences.

On or before May 27, 2014, Cruz may file and serve a reply to respondents' answer.

Dated:  New York, New York
            March 24, 2014

                                                        SO ORDERED:

                                                        Sidney H. Stein, U.S.D.J.

12