

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

August 8, 2014

**BY ECF**
The Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:   *Cruz v. Bureau of Prisons, et al.*,
                10 Civ. 5460 (SHS) (DF)

Dear Judge Stein:

      I write on behalf of the Government in response to the Court's Order dated July 23, 2014 (the "July 23 Order"). [Docket No. 53.] In accordance with this Order, the Government is filing the Declaration of Richard De Simone ("De Simone Declaration"), an official of the New York State Department of Corrections and Community Supervision ("DOCCS"), which the Government believes addresses the questions posed by the Court, and which provides all of the relevant documentation showing Petitioner's terms of incarceration and credits received against these terms as calculated by DOCCS. Mr. De Simone is a state, not federal, employee, and cannot be required by this Office to appear as a witness or take any particular action. In addition to the information provided by Mr. De Simone, the Government notes as follows:

    1. The Government understands the issue regarding the 302 days in question to be whether or not Petitioner was given credit by DOCCS, such that the Bureau of Prison ("BOP") properly declined to give him credit pursuant to 18 U.S.C. § 3585(b). According to BOP officials, generally, the BOP determines prior custody credit based on representations that it receives from its counterparts at other correctional facilities. Once the BOP determines that credit has or has not been "applied to any other sentence," the BOP adheres to § 3585(b) as required. BOP has further explained to this Office that, if the BOP were required to understand and have documents to support every domestic or foreign sentence calculation, it would be unduly burdened and impeded in carrying out its mission of calculating its own sentences in a timely manner. Given this, it is the BOP's position is that it was proper to rely on the representation given by Diane Holford that Petitioner was given credit for the time period in question, as set forth in her declaration dated May 22, 2014 [Docket No. 43]. However, as set forth in the De Simone

Declaration, DOCCS agreed to provide the Government with additional information in this case as required by the July 23 Order.

2. Ms. Holford stated that the credit in question was applied to Petitioner's sentence for attempted murder in her declaration of May 22, 2014. [Docket No. 43.] However, upon Mr. De Simone's review of the file, he determined, as stated in his declaration, that the credit actually was applied to Petitioner's 1993 sentences. De Simone Decl. at ¶ 24. This does not change the BOP's position that Petitioner was not entitled to additional credit for the time period in question.

3. Finally, the Court notes that Petitioner "plausibly asserts that he should have received a parole hearing sooner than November 2009." July 23 Order at 3. As set forth in the De Simone Declaration, Petitioner's first appearance before the Parole Board was scheduled for July 2008, four months before the November 7, 2008 parole eligibility date calculated by DOCCS, but he refused to appear at that time. De Simone Decl. ¶ 18. Petitioner's subsequent Parole Board appearances were postponed for a variety of reasons, including pending legal issues and a disciplinary infraction. Id. ¶¶ 19-23. Even if any delay in Petitioner having his parole hearing was due to an error on the part of DOCCS, which it was not, this would have no bearing on the BOP's calculation of Petitioner's sentence because Petitioner was given credit for the days in question by DOCCS.

Accordingly, as explained in the De Simone Declaration, DOCCS gave Petitioner prior custody credit for the 302 days at issue, and the Court should not grant his request for habeas relief on this basis.

I thank the Court for its consideration of this matter.

    Respectfully,

    PREET BHARARA
    United States Attorney

By:  /s/ Ellen London
    ELLEN LONDON
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Telephone: (212) 637-2737
    Facsimile: (212) 637-2702
    Email: ellen.london@usdoj.gov

cc:  <u>By mail</u>
    David Cruz
    No. 08143-067
    FCI Fort Dix Federal Correctional Institution
    P.O. Box 2000
    Fort Dix, NJ 08640